**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4046

MICHAEL JOHN ACCETTOLA,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-16)

Submitted: October 3, 1996

Decided: October 16, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul M. McKay, MCKAY & MCKAY, Wheeling, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael John Accettola appeals his conviction, after a bench trial, for making false statements to a grand jury of the United States in violation of 18 U.S.C.A. § 1623(a) (West Supp. 1996) alleging there was insufficient evidence to support the conviction. For the reasons following, we affirm.

We must affirm a conviction attacked on the grounds of insufficient evidence if "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The essential elements of 18 U.S.C.A. § 1623(a) are: (1) that the defendant's testimony was under oath before a grand jury; (2) that the testimony given was false in one or more of the respects charged; (3) that the false testimony was knowingly given; and (4) the subject matter of the testimony was "material" to the grand jury's investigation. <u>United States v. Friedhaber</u>, 856 F.2d 640, 642 (4th Cir. 1988). To be material a "statement must have `a natural tendency to influence, or [be] capable of influencing,'" <u>United States v. Gaudin</u>, ___ U.S. ___, 63 U.S.L.W. 4611, 4612 (U.S. June 19, 1995) (No. 94-514) (quoting <u>Kungys v. United States</u>, 485 U.S. 759, 770 (1988)), or have "the natural effect or tendency to impede, influence or dissuade the grand jury from pursuing its investigation." <u>Friedhaber</u>, 856 F.2d at 642 (citation omitted).

In Accettola's sworn testimony before the grand jury, which concerned charges of distribution of controlled substances and conspiracy or attempt to distribute controlled substances under 21 U.S.C. § 841(a)(1) (1994) and 21 U.S.C.A. § 846 (West Supp. 1996), Accettola denied that he had seen Tony Foglio and Rocco Mallicone together at a hotel or that he had seen Mallicone pick up Foglio and a marijuana shipment in a truck. The grand jury testimony directly conflicted with written statements Accettola had previously made to the Federal Bureau of Investigation as part of a plea agreement. The prior statement in which Accettola had agreed to be"completely forthright and truthful" was made in the presence of Accettola's

2

defense counsel and reviewed by counsel to ensure accuracy and truthfulness.* Thus, the district court found that, based upon the detailed nature of the prior written statement and the circumstances in the which the statement was given, Accettola knowingly gave false testimony to the grand jury. The court also found that Accettola's false statements were material because they cast light on whether a drug conspiracy to distribute marijuana existed between Mallicone and Foglio. Accordingly, we affirm the conviction because viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found Accettola guilty of violating 18 U.S.C.A. § 1623(a) beyond a reasonable doubt. Jackson, 443 U.S. at 319; Friedhaber, 856 F.2d at 642.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____
*Accettola's attorney read the statement to him verbatim and Accettola signed his name at the bottom of each page. Accettola initialed all changes and corrections to the statement.

3